EvaNs, J.
delivered the opinion of the Court.
It appears, from the evidence of William Choice, who was the attorney and agent of Markley, the executor, that it was understood that Ayers was to buy the land, if it'was recovered : so he remained on the land when the title was made to him, in January, 1835. That is, and so I shall presume the jury have found, his possession was under this contract made in 1832, and consummated by making him titles in 1835, making in all more than ten years before he sold to the defendant. “He who goes into possession under a contract to purchase, holds the land adversely to the claim of all .other persons, except him fi om whom he bought; but as to him, the tenant cannot plead the statute of limitations, because he entered on the condition that the land was not to be his, unless he paid the money — and the possession, as between them, was not adverse, or in hostility to the seller’s title.” Suppose the tenant had entered and paid for the land, but had never taken any written title — would not his possession be adverse, against all the world 1 I do not therefore ^perceive any error in the verdict which finds that Ayers’ pos *29 session was adverse to the claim of the plaintiff. But it is supposed that the defendant’s title by possession must be restricted to his pedis possessio or actual occupancy. I do not see any reason for this inference. A possession of a part, with color of title, which means any thing which clearly defines the extent of his claim, will give title to the whole, if continued for ten years. The extent of the defendant’s claim under which he held possession was what he had purchased from Markley, and this was clearly defined by the plat accompanying Markley’s verdict against him, as well as by his former grant for the same land. On this ground the motion for a new trial is refused. No opinion is given on the other points argued in this case.
O’Neall, J. Wardlaw, J. and Withers, J. concurred.

Motion dismissed.